UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL DEAN,<br><br>              Plaintiff,<br><br>   v.<br><br>DEPUTY K. CURL; DEPUTY DEMELO; CPL. C. GURROLA; OFFICER J. CORDELL; and OFFICER N. DOUTHIT,<br><br>              Defendants. | Case No. 1:23-cv-00296-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this prisoner civil rights matter are (1) Plaintiff's Motion to Reconsider the dismissal of his claims against Defendants Canyon County and the City of Caldwell (Dkt. 18), and (2) Defendants' Motion to Dismiss and Motion to Take Judicial Notice (Dkt. 19). All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. *See* Dkt. 24.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1. Accordingly, the Court enters the following Order (1) denying Plaintiff's Motion for Reconsideration, and (2) granting in part and denying in part Defendants' Motion to Dismiss and Take Judicial Notice.

MEMORANDUM DECISION AND ORDER - 1

## 1. Background

The Court previously permitted Plaintiff to proceed on Fourth Amendment claims, against Defendants Gurrola, Curl, Demelo, Cordell, and Douthit, based the following allegations:

> On June 22, 2022, before Plaintiff was incarcerated, he was walking his bicycle when numerous police officers approached him. It appears that some were officers with the City of Caldwell, and others were with the Canyon County Sheriff's Office. Defendant Corporal Gurrola "place[d] hands on" Plaintiff. *Compl*., Dkt. 3, at 10. Defendants Deputy Curl, Deputy Demelo, Officer Cordell, and Officer Douthit were also present.
>
> Plaintiff was searched and arrested. Corporal Gurrola allegedly placed Plaintiff in handcuffs so tight that they "cut[] into [Plaintiff's] wrists." *Id*. The other officers did not intervene to stop this use of force. Plaintiff states that, as a result of the use of force, he has "lost the ability to use [his] hands." *Id*.
>
> Plaintiff was criminally charged in state court. The court later dismissed the charges after concluding that the search and seizure was unreasonable under the Fourth Amendment. *Id*. at 2–3.

Dkt. 17 at 4 (footnote omitted). Plaintiff also asserts claims under Idaho state law based on the same facts.

The Court did not permit Plaintiff to proceed on claims against the Caldwell Police Department and the Canyon County Sheriff's Office:

> Plaintiff alleges, in a conclusory fashion, that these entities failed to adequately train their officers and that they have an improper practice of Fourth Amendment violations. However, because the Court is not obligated to treat such conclusions as true, Plaintiff has not stated plausible policy claims as required by *Monell*. *See Iqbal*, 556 U.S. at 678. Accordingly,

MEMORANDUM DECISION AND ORDER - 2

> Plaintiff's claims against the municipal Defendants will be dismissed.

*Id.* at 11–12.

## 2.   Plaintiff's Motion for Reconsideration

The Court's Initial Review Order was "interlocutory," or non-final. The Court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Although courts have authority to reconsider prior orders, however, they "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).

"[C]ourts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Gray v. Carlin*, No. 3:11-CV-00275-EJL, 2015 WL 75263, at *2 (D. Idaho Jan. 6, 2015) (internal quotation

marks omitted). But a motion for reconsideration of a previous order should not be used "as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854-55 (S.D. Iowa 2008) (internal quotation marks omitted).

The Initial Review Order dismissed Plaintiff's claims against Canyon County and the City of Caldwell because the Complaint did not plausibly allege an unconstitutional policy or custom on the part of either entity. *See* Dkt. 17 at 11; *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (setting forth requirements for § 1983 claim against a municipality). Plaintiff asks the Court to reconsider that dismissal and to permit him to proceed against these entities, but he has provided no additional allegations from which a factfinder could infer the existence of the required policy or custom.

Because Plaintiff has not shown sufficient cause for the Court to reconsider its dismissal of his claims against Canyon County or the City of Caldwell, Plaintiff's Motion to Reconsider will be denied.

3.   **Defendants' Motion to Dismiss and Take Judicial Notice**

Defendants ask the Court to dismiss Plaintiff's state law claims for failure to comply with the Idaho Tort Claims Act ("ITCA"), Idaho Code §§ 6-901 through 6-929. They also ask the Court to dismiss Plaintiff's Fourth Amendment claims based on the doctrine of qualified immunity and to dismiss any official capacity claims for failure to state a claim.

MEMORANDUM DECISION AND ORDER - 4

To support their argument, Defendants cite various records from the underlying criminal case against Plaintiff stemming from the search described in the Complaint. Those records include police reports and body camera footage. The criminal charges against Plaintiff were dismissed after the trial court granted his motion to suppress the evidence obtained in the search.

### A. The Court Will Judicially Notice the Existence and Contents of Defendants' Submissions, But Will Consider as Substantive Evidence Only the Undisputed Notices of Tort Claim

Defendants ask the Court to take judicial notice of various public records involving Plaintiff's underlying criminal case, including court filings, police reports, and body camera footage.

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice of judicial filings and court records, as well as other public records such as records and reports of administrative bodies. *Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Von Koenig v. Snapple Beverage Corp.*, 713 F. Supp. 2d 1066, 1073 (E.D. Cal. 2010). However, a court may not take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b)); *see also City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency *not subject to reasonable dispute*.") (emphasis added); *Arizona Libertarian Party v. Reagan*, 798 F.3d 723, 727 (9th Cir. 2015) ("We may take judicial notice of official information posted on a governmental

website, *the accuracy of which is undisputed*." (emphasis added) (citations and alterations omitted)).

All of Defendants' submissions appear to be public records—the existence thereof being a proper subject of judicial notice. However, the Court may not consider the documents as accurate descriptions of a party's actions—and may not consider any inadmissible hearsay within the documents—unless the facts set forth in the documents are undisputed. *See Doe v. Wasden*, 558 F. Supp. 3d 892, 911 n.9 (D. Idaho 2021) ("[M]any of the documents [including police reports] contain inadmissible hearsay, which, even if the documents are authenticated, the Court may not take judicial notice of.") (citing *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003). Thus, the Court takes judicial notice of the documents submitted by Defendants, but not for the truth of the events described therein where those events are disputed.

Similarly, the Court can judicially notice the existence of the body camera footage but—because it is unclear at this point whether the events depicted in that footage are disputed—may not consider the video as substantive evidence at this stage of litigation. *See Sanz v. City of Vallejo*, No. 2:19-CV-02134-TLN-DB, 2021 WL 2682162, at *3 (E.D. Cal. June 30, 2021) (unpublished) ("Here, while the body camera footage may be considered public record appropriate for judicial notice, the substance of the video is subject to varying interpretations…. As such, taking judicial notice of the contents of the video at this stage would be inappropriate …."); *Brown v. City of San Diego*, No. 3:17-CV-00600-H-WVG, 2017 WL 3993955, at *2 (S.D. Cal. Sept. 11, 2017) (finding that a

factual dispute as to what was shown on police body-worn camera video precluded it from being considered on a Rule 12(c) motion).

Plaintiff does not dispute the authenticity or accuracy of the Notices of Tort Claim he filed with Canyon County and the City of Caldwell. *See Opp. to Mot. to Dismiss*, Dkt. 21, at 1–2. Therefore, the Court may consider the facts contained in those documents, including the dates they were filed, in resolving Defendants' Motion to Dismiss. The Notices of Tort Claim can be found in the record as Exhibit A to the Declaration of Monica Reeves, *see* Dkt. 19-5, and Exhibit A to the Declaration of Debbie Geyer, *see* Dkt. 19-3.

### B.  *Plaintiff's State Law Claims Are Subject to Dismissal for Failure to Comply with the Idaho Tort Claims Act*

The ITCA requires that any person seeking relief against a governmental entity in Idaho file a notice of tort claim with the entity no later than 180 days after "the claim arose or reasonably should have been discovered, whichever is later." Idaho Code § 6-905. A plaintiff may not pursue a court action raising such a claim unless he has complied with the ITCA, including its 180-day deadline. *Id*. § 6-908. "Compliance with the [ITCA's] notice requirement is a mandatory condition precedent to bringing suit, the failure of which is fatal to a claim, no matter how legitimate." *McQuillen v. City of Ammon*, 747 P.2d 741, 744 (Idaho 1987).

Because the events giving rise to Plaintiff's state law claims occurred on June 22, 2022, his notices of tort claim were due by December 19, 2022, 180 days later. However, Plaintiff did not file his Notice of Tort Claim with Canyon County until May 1, 2023, and

MEMORANDUM DECISION AND ORDER - 7

he did not file his claim with the City of Caldwell until May 17, 2023. *See* Dkt. 19-5 at 2; Dkt. 19-3 at 2. The Notices of Tort Claim thus appear untimely under state law.

Plaintiff does not dispute that he filed the notices in May 2023. Rather, he contends that the 180-day time limit did not start running until his underlying criminal charges were dismissed on February 13, 2023. Dkt. 21 at 1–2. Plaintiff claims that it was not until those charges were dismissed that he "reasonably should have … discovered" his injury. *See* Idaho Code § 6-905.

But Plaintiff knew of the allegedly unconstitutional nature of the search and seizure, including the allegedly excessive force applied by Defendants, when it occurred on June 22, 2022. That the state trial court did not dismiss the case until February 2023 makes no difference because that the dismissal affects only the *extent* of his damages, not the existence of those damages. *See McQuillen*, 747 P.2d at 744 ("The statutory period within which all claims against a political subdivision must be filed begins to run from the occurrence of the wrongful act, even though the full extent of damages may be unknown or unpredictable at that time.").

Moreover, even if Plaintiff did not immediately have reason to know of his injury, he certainly had reason to know by August 15, 2022, the date he filed his motion to suppress in state court and alleged that the search and seizure were unconstitutional. *See* Ex. A to the Declaration of Gregory Swanson, Dkt. 19-7 at ECF pp.4–5. At the very latest, therefore, Plaintiff should have filed his notices by February 11, 2023. Even giving Plaintiff the benefit of the doubt, therefore, he still filed the notices several months too late.

MEMORANDUM DECISION AND ORDER - 8

Because Plaintiff did not file his Notices of Tort Claims within 180 days after he reasonably should have known of his injury, the Court must dismiss his state law claims.

### C.     *Plaintiff's Fourth Amendment Claims for Damages Will Not Be Dismissed at This Time*

Defendants ask that the Court dismiss Plaintiff's § 1983 claims for monetary damages on the basis of qualified immunity.

Qualified immunity protects state officials from personal liability for on-the-job conduct so long as the conduct is objectively reasonable and does not violate an inmate's clearly established federal rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). True to its dual purposes of protecting state actors who act in good faith and redressing clear wrongs caused by state actors, the qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quotation omitted).

A qualified immunity analysis consists of two prongs: (1) whether, "[t]aken in the light most favorable to the party asserting the injury, ... the facts alleged show the [defendant's] conduct violated a constitutional right"; and (2) whether that right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *modified by Pearson v. Callahan*, 555 U.S. 223 (2009). To determine whether the right at issue was clearly established, a court turns to Supreme Court and Ninth Circuit law existing at the time of the alleged act. *Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996). This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201.

MEMORANDUM DECISION AND ORDER - 9

Defendants' qualified immunity argument is based entirely on the documents submitted with their request to take judicial notice. More than that, it assumes that the facts presented in those documents—particularly the police report of Plaintiff's contact with police on June 22, 2022—are true. As stated above, the Court cannot make such an assumption on a Rule 12(b)(6) motion.

At this point, then, all the Court may consider are the facts as asserted in the complaint. The Court has already determined that those facts plausibly support Plaintiff's § 1983 claims. *See* Dkt. 17. The only remaining question is whether a reasonable officer, in that situation and knowing those facts as alleged, would have known their actions were unconstitutional. *See Plumhoff*, 134 S. Ct. at 2023. The Court lacks sufficient information at this point to resolve this question. Therefore, resolving the qualified immunity argument must wait for another day.

### D.     *Any Official Capacity Claims under 42 U.S.C. § 1983 Must Be Dismissed*

Finally, Defendants seek dismissal of any official capacity claims asserted by Plaintiff. Governmental officials "sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Therefore, the Court will grant Defendants' request for dismissal of Plaintiff's claims for damages against Defendants in their official capacities. This ruling does not affect Plaintiff's claims for damages against Defendants in their individual capacities.

## CONCLUSION

Plaintiff has not shown cause for reconsideration of the Court's Initial Review Order. Further, though the Court will dismiss Plaintiff's state law claims for failure to comply with the ITCA and Plaintiff's official capacity claims for damages, the remaining claims may proceed to the next stage of litigation.

The Court's resolution of Defendants' Motion to Dismiss does not prohibit Defendants from relying on similar arguments in a motion for summary judgment. *See Brown*, 2017 WL 3993955, at *2 ("If Defendants wish to file a motion for summary judgment, they are free to do so after the record is more fully developed.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Reconsider Dismissal of Defendants (Dkt. 18) is DENIED.

2. Defendants' Motion to Dismiss and Take Judicial Notice (Dkt. 19) is GRANTED IN PART and DENIED IN PART, as set forth above.

3. Plaintiff's state law claims, as well as his official capacity claims for damages, are DISMISSED with prejudice.

DATED: May 28, 2024

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge